UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| ) | |
| Plaintiff,            ) | Case No. 6:09-cr-00063-GFVT-HAI-3 |
| ) | |
| v.            ) | |
| ) | **ORDER** |
| OMER DUGALIC,            ) | |
| ) | |
| Defendant.            ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 954.] Defendant Omer Dugalic is charged with violating the terms of his supervised release. In 2011, then-District Judge Thapar sentenced Dugalic to 380 months of imprisonment, followed by five years of supervised release, for one count of conspiracy to distribute 5 kilograms or more of cocaine and one count of conspiracy to commit money laundering. [R. 603.] In November 2015, Judge Thapar reduced Dugalic's sentence to 190 months under retroactive Guidelines Amendment 782, [R. 769], and Dugalic was released in April 2022. [R. 954 at 1.]

Dugalic was subsequently charged with four violations of his terms of supervised release: 1) violating his condition that prohibits commission of another federal, state, or local crime by being arrested and charged with strangulation and assault; 2) failing to notify his probation officer of a change in his address; 3) associating with another felon without prior permission when his co-defendant, Emir Dadanovic, posted bond for Dugalic; and 4) failing to notify his probation officer of his arrest. Id. at 1-2. On February 3, 2025, Dugalic had his initial appearance. [R. 951.] On February 18, 2025, Dugalic had his final hearing. [R. 953.] At this

hearing the government moved to dismiss Violations #1 and #3. *Id*. Judge Ingram then prepared the instant Report and Recommendation.

Judge Ingram evaluated the entire record and considered all of the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Judge Ingram recommends that Dugalic be found guilty of violations 2 and 4, with violations 1 and 3 to be dismissed on the government's motion. [R. 954 at 7.] Judge Ingram further recommends a period of 3-months incarceration with a 24-month period of supervision to follow. *Id*. Finally, due to the circumstances that gave rise to Dugalic's supervised release violations, Judge Ingram also recommends that the addition of a condition that requires a mental-health assessment upon release and compliance with any subsequent mental-health treatment at the discretion and direction of the probation officer be added to Dugalic's supervised release conditions. *Id*. Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advised the parties that objections must be filed within fourteen (14) days of service. *Id.* ; *see* 28 U.S.C. § 636(b)(1). Dugalic did not file any objections to Judge Ingram's Report and Recommendation.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. The Defendant has waived

his right to allocution. [R. 956.]

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 954]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Dugalic is found **GUILTY** of Violations 2 and 4 and his term of supervised release is **REVOKED**;

3. Mr. Dugalic's Supervised Release Violations 1 and 3 are **DISMISSED**;

4. Mr. Dugalic **SHALL** be incarcerated for **three (3) months** with **twenty-four (24)** months of supervision to follow under the same conditions previously imposed; and

5. Mr. Dugalic's supervised release will be accompanied by the additional condition that he undergo a mental-health assessment upon release and comply with any subsequent mental-health treatment at the discretion and direction of the probation officer.

This the 18th day of March, 2025.

Gregory F. Van Tatenhove
United States District Judge